# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HARVILLE, | : |
| | : CIVIL ACTION |
| Petitioner, | : |
| | : |
| v. | : |
| | : NO. 17-0001 |
| MICHAEL OVERMYER, et al., | : |
| | : |
| Defendants. | : |

## ORDER

**AND NOW,** this 18th day of January, 2018, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the thorough and well-reasoned Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, **IT IS HEREBY ORDERED** that:

1. Upon de novo review, petitioner's objections are **OVERRULED**;

2. The report and recommendation is **APPROVED** and **ADOPTED;**[1]

---

[1] Petitioner Joseph Harville brings this counseled petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. On July 25, 2017, United States Magistrate Judge Thomas J. Rueter issued a Report and Recommendation, recommending that the petition be dismissed. Petitioner filed Objections to the Report and Recommendation on August 7, 2017. For the following reasons, I will overrule the Objections, approve and adopt the Report and Recommendation, and dismiss the petition with prejudice without an evidentiary hearing.

I will review de novo the portions of the Report and Recommendation to which petitioner objects and I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Petitioner makes several objections, which I will address in turn.

The habeas petition and the objections lodged by petitioner all concern whether the third step of the Batson analysis was properly conducted by the trial judge, Judge Bright. First, petitioner objects to Judge Rueter's finding that the trial judge conducted the requisite Batson analysis. Petitioner argues that the Judge Bright did not conduct any analysis, but rather only made conclusions. Judge Reuter acknowledged that the trial judge's "resolution of the Batson

analysis . . . was succinct" and that Judge Bright's post-trial opinion "did not explicitly engage in a three-part Batson inquiry," which "renders our task harder on review." (Report and Recommendation at 7 (citing Hairston v. Hendricks, 578 F. App'x 122, 130 (3d Cir. Sep. 3, 2014))). Upon review of the entire record, including voir dire and Judge Bright's post-trial opinion, Judge Rueter concluded that the trial judge "implicitly reached step three of the Batson analysis." Judge Rueter reasoned that Judge Bright responded to "defense counsel's attack on the credibility of the prosecutor, a task that falls within step three of the Batson inquiry." Before ruling on the Batson challenges, Judge Bright gave defense counsel the opportunity to rebut the prosecutor's race-neutral explanation, which is inherently a step three analysis. Hairston, 578 Fed. at 131. Judge Rueter explained that step two requires only that the prosecutor set forth a race-neutral explanation; there is no need to hear argument from defense counsel. It is not until the third step that the "persuasiveness of the justification becomes relevant." Judge Rueter also found support for the implied step three analysis in the post-trial opinion where the court repeatedly referred to the petitioner's burden to show that the prosecutor engaged in purposeful discrimination. I find that Judge Rueter did not err in concluding that Judge Bright conducted the Batson analysis. See Hardcastle v. Horn, 368 F. 3d 246, 259 (3d Cir. 2004) ("[A] judge considering a Batson challenge is not required to comment explicitly on every piece of evidence in the record. However, some engagement with the evidence considered is necessary as part of step three of the Batson inquiry . . . .); Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000) (cert. denied, 531 U.S. 1084 (2001)) (under 28 U.S.C. § 2254(e)(1) "an implicit finding of fact is tantamount to an express one, such that deference is due to either determination."). Accordingly, this objection is overruled.

     Next, and relatedly, petitioner objects to Judge Rueter's finding that Judge Bright reached all three steps of the Batson analysis. Relying on Bond v. Beard, 539 F.3d 256 (3d Cir. 2008), petitioner argues that Judge Bright failed to "describe the legitimacy" of the prosecutor's race neutral findings. Petitioner is correct that in Bond the court noted that Batson requires more than merely stating race-neutral explanations, but requires a finding that the prosecutor "truly [] acted in a race-neutral fashion." Id. at 268. However, Bond does not require that the trial court describe the legitimacy of the race neutral explanations. It only requires that the court reach a finding whether the defendant demonstrated purposeful discrimination. See id. at 269. In fact, in Bond the Court described the prosecutor's explanations as "legitimate and race neutral" and also referred to the trial court's findings "as to the legitimacy of the race neutral responses offered in this case." Id. The Court concluded,

> [the] emphasis on legitimacy demonstrates that the Supreme Court considered the third step of the Batson analysis. Had it stopped at the second step, it merely would have inquired into the existence of "race neutral" explanations.

Id. Here, with respect to juror number fourteen, Judge Bright stated she "believed" that the prosecutor demonstrated acceptable reasons for the strike. This finding impliedly establishes that Judge Bright engaged in step three of the Batson analysis and concluded that the prosecution's reasons for striking juror number fourteen were credible. Likewise, with respect to juror number four, Judge Bright did not merely accept the prosecution's reasons as race-neutral without first evaluating the prosecutor's credibility. Hairston, 578 Fed. Appx. at 131. Rather, Judge Bright afforded defense counsel the opportunity to rebut the prosecution's race-neutral explanation. Only after hearing argument from both sides, did Judge Bright made a finding that the prosecution set forth race a neutral explanation, and denied defendant's motion. See id. Judge

3.  The petition for a writ of habeas corpus is **DISMISSED** with prejudice;

---

Rueter did not err in concluding that Judge Bright engaged in step three of the Batson analysis. Accordingly, this objection is overruled.

Petitioner next objects to Judge Rueter's finding that it was "clear" that the trial judge was responding to defense counsel's attack on the credibility of the prosecutor. Petitioner argues that a credibility analysis necessarily requires a discussion/analysis of what facts made the trial court come to the conclusion that the prosecutor's race neutral explanation was credible. For the reasons discussed above, this objection is meritless. See Hairston, 578 Appx. at 131 ("the trial court did not simply accept the prosecution's reasons as race-neutral without evaluating their credibility. Rather . . . the trial court heard argument from both sides.") (internal citations omitted). Accordingly, this objection is overruled.

Petitioner's fourth objection concerns Judge Rueter's finding that the Commonwealth's explanation of why it struck the jurors was "clearly non-discriminatory." Petitioner argues that Judge Rueter's finding was based on the law and not on facts in the record. This objection concerns step two of the Batson analysis. The habeas petition only alleged constitutional errors at step three of the Batson analysis. (See Doc. No. 1.) Petitioner did not raise this claim in his habeas petition and it is unexhausted and procedurally defaulted. Even if I were to consider this claim, I would find that it is meritless. As Judge Rueter explained, at step two of the Batson analysis, the prosecutor has the burden of producing a race-neutral explanation for his motion to strike. Hardcastle, 368 F.3d at 257-58. "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." (Report and Recommendation at 8 (citing Purkett v. Element, 514 U.S. 765, 768 (1995) (per curiam))). The prosecutor moved to strike juror number four because of her young age, lack of life experience, and demeanor. The prosecutor moved to strike juror number fourteen because she had a brother who spent eight years in prison and she had a son who was the same age as the defendant. Judge Rueter correctly concluded that these proffered reasons were race-neutral on their face. Judge Rueter supported this finding by citing to relevant case law where these same reasons were deemed race neutral. Judge Rueter did not err in reaching this finding or by relying on case law to support his conclusion. Accordingly, this objection is overruled.

Next petitioner argues that Judge Rueter erred in finding that Judge Bright impliedly reached step three of the Batson analysis without any support from the record. For the reasons discussed above, this objection is overruled.

Relatedly, petitioner argues in his seventh objection that Judge Rueter erred in finding that petitioner has "not shown that the trial court's implicit finding of fact regarding the prosecutor's discriminatory intent was erroneous or unreasonable." Petitioner submits that this finding was not based on the record but instead was based on Judge Rueter's speculation of what the trial court may have been thinking. Judge Rueter was not speculating as to the prosecutor's discriminatory intent. Judge Rueter explained that great deference is owed to a trial court's credibility findings in particular in the context of the AEDPA, and concluded that petitioner failed to overcome this burden. What is more, as discussed above, the trial court's findings were based on the record, including voir dire and Judge Bright's post-trial opinion. Accordingly, this objection is overruled.

Finally, petitioner objects to Judge Rueter's finding that petitioner failed to prove that reasonable jurists could debate whether his petition should be resolved in a difference manner and that petitioner is not entitled to relief. For the reasons discussed above, this objection is overruled.

4. A certificate of appealability **WILL NOT ISSUE**; and

5. The Clerk is directed to mark this case **CLOSED**.

BY THE COURT:

*/s/ Lawrence F. Stengel*
LAWRENCE F. STENGEL, C. J.